IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ulysses Fulton, #140820, ) | |
| ) | Civil Action No. 6:06-0490-CMC-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| James Walker, Sgt.; P. Douglas ) | |
| Taylor, Warden; Jon Ozmint, ) | |
| Director, SCDC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The defendants filed a motion for summary judgment on July 19, 2006. By order filed July 31, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On August 25, 2006, the plaintiff filed a response to the motion.

**FACTS PRESENTED**

On March 11, 2005, all of the defendants were employed by the South Carolina Department of Corrections ("SCDC") employed all of the defendants – James

Walker as a sergeant and P. Douglas Taylor as Warden at the Ridgeland Correctional Institution ("RCI"), and Jon Ozmint as Director of the Department of Corrections. Shortly after 9:30 p.m. on March 11, 2005, Sgt. Walker was in the Horseshoe area between the two wings of RCI's Beaufort Dormitory. Upon his return to the Beaufort Dormitory A-Wing, he observed the plaintiff standing on the upper level of the two-tier cell area with blood on his upper back. Sgt. Walker immediately directed the plaintiff to come down to the lower level. The plaintiff did so and stated that he had been stabbed by inmate Kenwitt Pringle. Sgt. Walker promptly reported that fact to his supervisor, Lt. Ronald McNeil. Sgt. Walker asked Lt. McNeil to take the plaintiff to the infirmary for medical treatment because Lt. McNeil had the key to the infirmary door. Lt. McNeil testified that he accompanied the plaintiff across the compound to the medical unit. The plaintiff claims that he had to walk to the infirmary by himself (comp. 4). When Lt. McNeil returned to the Beaufort Dormitory, he and Sgt. Walker went directly to Beaufort A-Wing and locked the unit down, and they searched inmate Pringle's cell for a weapon. Although the officers found no weapons, they removed inmate Pringle from the Beaufort dormitory and placed him in the holding cell (Walker aff. ¶¶ 6-12; McNeil aff. ¶¶ 7-12). Inmate Pringle was charged with striking with a weapon (Walker aff. ¶ 15; Denise Dopson aff., ex. B).

Nurse Campbell treated the plaintiff for superficial lacerations and released him back to his unit (Dopson aff., ex. B). The plaintiff filed Steps 1 and 2 Grievances within SCDC and appealed the grievance decisions to the South Carolina Administrative Law Court, which dismissed his appeals (Dopson aff., ex. A). This lawsuit followed. The plaintiff alleges claims for failure to protect and deliberate indifference to his serious medical needs. He further complains that he endured cruel and unusual punishment when he was placed in the Special Management Unit ("SMU") the day following the assault.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*,

759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

The plaintiff first alleges that the defendant failed to protect him from assault by another inmate. Walker and McNeil testified that prior to the incident at issue they did not know of any disagreement between the plaintiff and inmate Pringle. The plaintiff never told them of any problems and never asked to be reassigned or placed in protective custody (Walker aff. ¶ 16; McNeil aff. ¶ 13). Deliberate indifference to an inmate's safety needs is actionable under Section 1983. *Farmer v. Brennan*, 511 U.S. 825 (1994) (prison officials have duty to protect prisoners from violence "at the hands of other prisoners"). "[F]or a claim based on a failure to prevent harm, a person must show that he is being detained or incarcerated 'under conditions posing a substantial risk of serious harm.'" *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001) (citing *Farmer*, 511 U.S. at 834). Next, the prison official must have a "sufficiently culpable state of mind." *Id.* In adopting an objective standard of "deliberate indifference," the Supreme Court in *Farmer* stated:

> ... a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. The Supreme Court in *Farmer* equated the deliberate indifference standard with the "subjective recklessness" standard of criminal law. *See id.* at 839-840. As the Fourth Circuit noted in *Rich v. Bruce*, 129 F.3d 336, 340 n. 2 (4th Cir. 1997), "[t]rue subjective recklessness requires both knowledge of the general risk, and also that the conduct is inappropriate in light of that risk."

Here, there is no evidence that the defendants were aware of any risk to the plaintiff. There is no evidence that he had been the subject of specific threats; there is no evidence that the risk of attack was pervasive at the facility; and there is no evidence that the plaintiff belonged to a class identified as vulnerable to assaults. *See Randolph v. Maryland*, 74 F.Supp.2d 537, 542 (D. Md. 1999). The evidence before the court shows that the defendants were not aware of facts from which the inference could be drawn that a substantial risk of harm existed. Further, the evidence shows that the defendants acted immediately by getting medical help for the plaintiff, locking down the entire unit, and searching the cell where the suspected attacker lived. The accused attacker was removed to a holding cell and charged with the offense of striking with a weapon.

The plaintiff also alleges that the defendants failed to protect him after he was stabbed when he was sent to the infirmary "alone with no escort" (comp. 4). The defendants deny this allegation, and defendant McNeil testified specifically that he walked the plaintiff to the infirmary for treatment and used his key to let the plaintiff in to see the nurse (McNeil aff. ¶¶ 9-10). Viewing the evidence in a light most favorable to the plaintiff and assuming that the plaintiff had to walk alone to the infirmary, this claim fails to rise to

the level of a constitutional violation. There is no evidence that the plaintiff suffered any harm as a result of walking alone to the infirmary. Based upon the foregoing, the plaintiff has not met his burden of showing deliberate indifference to his safety on the part of the defendants.

The plaintiff next alleges that the defendants were deliberately indifferent to his medical needs. Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Id.* at 102. This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical services. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Rogers v. Evans*, 792 F.2d 1052, 1058 (5th Cir. 1986). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

The plaintiff here has failed to put forward any evidence that the defendants were deliberately indifferent to his medical needs. The evidence before the court shows that the plaintiff was promptly treated in the Infirmary by Nurse Campbell for superficial wounds (Dopson aff., ex. B). The plaintiff admits that Nurse Campbell treated him for the stab wounds (pl. resp. m.s.j. 3), and he does not allege any permanent injury or lasting effects from the wounds. He argues that the nurse did not give him medicine for pain, but there is no evidence that the plaintiff requested any pain medication (pl. resp. m.s.j. 9). The

plaintiff's claims are merely bald allegations which are insufficient to survive summary judgment. *White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment).

Lastly, the plaintiff apparently alleges that he was subjected to cruel and unusual punishment when he was placed in SMU the day after the incident "pending investigation with protective concerns" (pl. resp. m.s.j. 3; comp. 4-5). In *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), the United States Supreme Court stated, "Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." The Supreme Court recognized in *Sandin v. Conner*, 515 U.S. 472, 480 (1995) ,that states may under certain circumstance create liberty interests that are protected by the Due Process Clause. The Court went on to state that placement in segregated confinement "did not present the type of atypical, significant deprivation in which a state might conceivable create a liberty interest." *Id.* at 486.

It is known from other cases previously decided in this judicial district that the law confers no protected liberty interest upon inmates of the SCDC from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Hewitt*, 459 U.S. at 468 ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.")[1]; and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). The plaintiff has failed to

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law.

7

come forward with evidence to prove that his constitutional rights were violated when he was placed in SMU during the investigation of the incident at issue. Accordingly, this claim fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendants' motion for summary judgment be granted.

s/William M. Catoe
United States Magistrate Judge

December 5, 2006

Greenville, South Carolina