IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ulysees Fulton, #140820, ) | C/A NO. 6:06-490-CMC-WMC |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| James Walker, Sgt.; P. Douglas Taylor, ) | |
| Warden; Jon Ozmint, Director, SCDC; ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On December 5, 2006, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report and Recommendation on December 22, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Objections, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order as amended.[1]

Plaintiff contends in his Objections that Defendants failed to protect him from assault by "leaving the unit wing unattended . . . ," Obj. at 4 (Dkt. #18, filed Dec. 22, 2006), so that Plaintiff was unable to inform them of the disagreement between himself and Inmate Pringle. *Id*. However, Plaintiff makes an insufficient showing of this alleged disagreement, or that South Carolina Department of Corrections (SCDC) personnel were allegedly aware of it prior to the incident in question. It is not enough simply to assert that because Plaintiff is incarcerated and housed in a

---

[1] There are several factual discrepancies in the record of this matter which were not noted by the Magistrate Judge. For example, two different "Lieutenant McNeils" appear to have been involved in this matter. Lieutenant <u>Ronald</u> McNeil was Sergeant Walker's supervisor. <u>Ronald</u> McNeil had some role in ensuring Plaintiff was seen by medical personnel. Lieutenant <u>Reginald</u> McNeil, however, apparently was involved in the locking down of Beaufort A-Wing and the search of inmate Pringle's cell. *See* Aff. of Ronald McNeil at 2, ¶¶ 11, 12 (Dkt. # 12-4, filed July 19, 2006).

Additionally, while Lieutenant Ronald McNeil testified that he "walked Inmate Fulton to the Infirmary for treatment[,]" Aff. of Lt. Ronald McNeil at 2, ¶ 9 (Dkt. #12-4, filed July 19, 2006), the findings of Warden Taylor associated with Plaintiff's South Carolina Department of Corrections (SCDC) Grievance No. RCI-0278-05 indicate that "Sgt. Walker was instructed by L. McNeil to send you to medical. Lt. McNeil was at the back door of 'B' Building watching as you made your way to medical. You did not need an escort as you have indicated." Attachment to M. for Summ. J., Dkt. #12-5, filed July 19, 2006.

This court expresses its concern regarding the averments contained in affidavit of Lieutenant Ronald McNeil in light of the material associated with Plaintiff's SCDC grievance. As glaring as these factual discrepancies are, however, they do not alter the conclusion of this court.

prison dormitory that includes violent and non-violent offenders, prison officials were aware that he was under a specific threat from another inmate.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment is granted and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 3, 2007